STEWART-WARNER CORPORATION, PLAINTIFF *v.* UNITED STATES, DEFENDANT

Court No. 81–12–01740 (Issue Joined Calendar)

Before WATSON, *Judge.*

MEMORANDUM OPINION AND ORDER

(Decided October 5, 1982)

Lamb & Lerch (Sidney H. Kuflik of counsel) for *amicus curiae* Diversified Products Corporation.

Law Offices of Eugene L. Stewart (Eugene L. Stewart, Terence P. Stewart and Jeffrey S. Beckington of counsel) for plaintiff Stewart-Warner Corporation.

J. Paul McGrath, Assistant Attorney General (Joseph I. Liebman, Attorney-in-Charge, International Trade Field Office; Deborah E. Rand, Commercial Litigation Branch) for defendant.

WATSON, *Judge:* This is a dispute over whether a motion by an *amicus curiae* for disclosure of confidential information should be granted. The dispute arises in an action commenced under section 516 of the Tariff Act of 1930 (19 U.S.C. § 1516) by Stewart-Warner Corporation, a United States manufacturer of speedometers and odometers. The action challenges the denial by the United States Customs Service of a petition by Stewart-Warner in which it disputed the tariff classification of imported speedometers and proposed a different classification. In this action, on a motion by plaintiff, portions of Exhibit 1 to the complaint (which were portions of the administrative petition, containing confidential business infor-

mation) were placed under a protective order whose terms were agreed to by the plaintiff and the defendant United States. At a later date the Diversified Products Corporation (Diversified), an American manufacturer of exercise cycles which incorporated imported speedometers of the type in dispute, was granted leave to file a brief as *amicus curiae* under Rule 76 of the Rules of this Court. Now, Diversified seeks access to the protected information for the purpose of demonstrating a defect in the procedures followed by plaintiff on the administrative level and a consequent jurisdictional defect in this action.

The defendant United States has no objection to the disclosure but the plaintiff objects on a number of grounds, chiefly, that the proposed jurisdictional argument goes beyond the proper role of an *amicus;* that it goes beyond the terms of the participation contemplated when the filing of an *amicus* brief was allowed; and that Diversified is not an interested party to whom disclosure may be made under the protective order.

In the abstract, the Court sees no limitation to the issues on which a brief by *amicus curiae* may be found useful. Nor is it an objection that *amicus* has an adversarial objective. However, *amicus* briefs are solely for the benefit of the Court and their filing and scope are strictly subject to its control. The granting of an application does not bestow a general right of participation, but rather is limited to those issues which the Court allows the *amicus* to address.

In this action the motion for leave to file a brief as *amicus curiae* focused on Diversified's knowledge of speedometers. If it was not clear then, the Court now explicitly states that Diversified's participation was approved in order to obtain the benefit of its views on the subject of the proper classification of the speedometers. Its participation in other respects would not be granted unless the Court was persuaded by the parties or its own examination that a jurisdictional issue exists and then was further persuaded that the Court would be aided in its decision by an additional brief.

The Court is also somewhat concerned that in this action participation as *amicus* should not become a substitute for intervention. Participation in this action by intervention is expressly forbidden by Section 301 of the Customs Courts Act of 1980 (28 U.S.C. § 2631(j)(1)(A)). That section states that "no person may intervene in a civil action under section 515 or 516 of the Tariff Act of 1930." This means that under the terms of section 516 (19 U.S.C. § 1516) full participation as a party is limited to the domestic petitioner, the United States, and, if it chooses to appear as a party in interest, the consignee of the importations in dispute or its agent.

This conclusion is based on the Court's view of the limitation on Diversified's participation as *amicus curiae.* It is not necessary to consider whether or not Diversified is an "interested party" as that

term was used in the protective order because its role in the action does not require the use of the protected material.

For the reasons discussed above the motion of *amicus curiae* for disclosure of the material subject to the protective order is denied. It is so ordered.